UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JIMMY STORY AND ELIZABETH STORY,     Plaintiff<br><br>v.<br><br>A BETTER WAY WHOLESALE AUTOS, INC. AND CAPITAL ONE, N.A D/B/A CAPITAL ONE AUTO FINANCE,     Defendants | CIVIL ACTION NO.<br><br><br><br><br><br><br><br>NOVEMBER 30, 2018 |

## COMPLAINT

### I. INTRODUCTION

1.      This is an action brought by two consumers against an automobile dealership for violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*, the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et seq.*, and for breach of the implied warranty of merchantability under the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301 *et seq.* Liability is asserted against the lender as assignee of the operative retail installment sales contract pursuant to the terms of the contract and Conn. Gen. Stat. § 52-572g.

### II. PARTIES

2.      Plaintiff, Jimmy Story, is a consumer residing in Avon, Connecticut.

3.      Plaintiff, Elizabeth Story (collectively "Plaintiffs"), is a consumer residing in Avon, Connecticut.

4.     Defendant, A Better Way Wholesale Autos, Inc. ("ABW"), is a Connecticut corporation and is licensed to operate an automobile dealership in Naugatuck, Connecticut.

5.     Defendant Capital One, N.A. d/b/a Capital One Auto Finance ("Capital One"), is a national association with a principal office in McClean, Virginia.

### III.   JURISDICTION

6.  This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1640, 15 U.S.C. § 2310(d)(1)(B), 28 U.S.C. § 1331, and Fed. R. Civ. P. 18(a).

7.     This Court has jurisdiction over ABW because it is located in Connecticut and is organized under Connecticut law.

8.     This Court has jurisdiction over Capital One because it regularly conducts business in this state.

9.     Venue in this Court is proper because all of the parties are located in this state and the transaction occurred in this state.

### IV.   FACTUAL ALLEGATIONS

10.     On or about April 28, 2018, Plaintiffs visited ABW interested in purchasing a used vehicle, specifically a 2015 Kia Sorento (the "Vehicle").

11.     Prior to April 28, 2018, Jimmy Story had seen an advertisement online for the Vehicle at ABW and was interested in it.

12.     On April 28, 2018 at ABW, Jimmy Story went to ABW and met James Palmer ("Palmer"), a member of ABW's finance staff.

13.     Jimmy Story told Palmer that he had been pre-approved for financing at an annual percentage rate of 9% by a third-party lender and that he intended to pay cash for the Vehicle.

14.     Palmer responded that, if Plaintiffs purchased a GAP addendum and service contract, ABW "could get him a better rate" of 7.76% APR.

15.     Plaintiffs planned to purchase these extras from separate entities, because they were aware that dealerships imposed larger markups on them.

16.     Palmer presented Jimmy Story with a retail installment sales contract (the "Contract") where the GAP addendum of $795 and service contract of $2,488 was included as part of the amount financed instead of the finance charge.

17.     The 7.76% APR was conditioned upon the purchase of the GAP addendum. Since the GAP addendum was incidental to extension of credit at 7.76% APR, it should have been included as part of the finance charge pursuant to Regulation Z of TILA.

18.     Since the $3,283 should have been included as part of the finance charge, the actual APR was understated and Plaintiffs were unable to meaningfully compare the terms of credit offered by the third-party lender's pre-approval and ABW's terms. If the GAP addendum and service contract were included as part of the finance charge, the APR would correctly be calculated at approximately 13.5%.

19.     Plaintiffs agreed to purchase the Vehicle for a cash price of $16,995, which they financed pursuant to the Contract.

20.     Unbeknownst to Plaintiffs, the Vehicle had been involved in a crash or other event resulting in structural damage to the front upper unibody rendering it unsafe to drive.

21.     The structural damage was noted at the auction at which ABW obtained the Vehicle.

22.      ABW has a business practice of procuring damaged vehicles cheaply at auction, often with disclosures of structural damage, and selling them to unsuspecting consumers without repairing the damage or disclosing the damage.

23.     Plaintiffs were provided with a Connecticut Department of Motor Vehicles Form K-208 evincing the results of the safety inspection purportedly performed pursuant to Conn. Gen. Stat. § 14-62(g) indicating that the "frame/chassis" passed inspection and that the Vehicle was safe for operation on the roads and highways of Connecticut.

24.     Plaintiffs first learned that the Vehicle may have been damaged when they visited a Kia dealership interested in trading the Vehicle in for a new or newer vehicle as a result of an offer they had received in the mail.

25.     The Kia dealership would not accept the Vehicle as a trade-in, because it believed it was damaged.

26.     Alarmed, Plaintiffs had the Vehicle inspected by an independent auto body expert, who determined that the Vehicle had the aforementioned structural damage that was inadequately repaired rendering it unsafe to drive.

27.     This damage would have been apparent to any automotive professional performing a visual inspection of the Vehicle and/or the mandatory safety inspection pursuant to Conn. Gen. Stat. § 14-62(g).

28.     Due to the defects to the Vehicle, Plaintiffs elected to revoke acceptance of the Vehicle and returned it to ABW on October 21, 2018.

29.     Plaintiffs' counsel sent notice to ABW and Capital One on October 22, 2018 informing them of Plaintiffs' claims and demanding a return of all sums paid under the Contract.

30.     Defendants have failed to return any sums to Plaintiffs.

## V.  CAUSES OF ACTION

### A.  TRUTH IN LENDING ACT

31.     ABW violated TILA by including the cost of the GAP addendum and service contract as part of the amount financed and by not disclosing it as part of the finance charge even though these charges were incidental to the extension of credit at the offered rate.

32.     As a result, the required disclosures are inaccurate in violation of Regulation Z.

33.     ABW is liable to Plaintiffs for actual damages plus additional statutory damages of $2,000 and attorney's fees and costs.

### B.  BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY

34.     The Vehicle is a consumer product as that term is defined in § 2301(1) of the MMWA (15 U.S.C. §§ 2301-2312).

35.     ABW breached the implied warranty of merchantability, Conn. Gen. Stat. § 42a-2-314, by selling the Vehicle to Plaintiffs in an unsafe condition with structural damage.

36.     ABW knew, or reasonably should have known, based on its expertise that the Vehicle was unsafe and unmerchantable at the time of sale due to structural damage.

37.     It is not possible for ABW to cure the breaches of implied warranty of merchantability, or Plaintiffs provided ABW with a reasonable opportunity to cure the breach of implied warranty but it has not done so, or both.

38.     ABW's breaches of the implied warranty of merchantability were tortious in nature, in bad faith, were wanton and malicious, outrageous, and were undertaken with bad motive and with a reckless indifference to Plaintiffs' interests and the injury that they sustained.

39.     Specifically, the Vehicle was unsafe and posed a safety risk to Plaintiffs, their children and any other passengers in the Vehicle. And, the Vehicle's structural damage was noted at the auction at which ABW procured the Vehicle.

40.     ABW's breach of the implied warranty of merchantability has caused Plaintiffs to incur damages, including common law punitive damages.

41.     Plaintiffs also seek an order stating that they validly revoked acceptance of the Vehicle.

42.     ABW is also liable for attorney's fees pursuant to MMWA.

43.     Capital One is liable to Plaintiffs as assignee pursuant to Conn. Gen. Stat. § 52-572g and the terms of the Contract.

### C.  BREACH OF EXPRESS WARRANTY

44.     ABW made affirmations of fact or promise relating to the Vehicle that became part of the basis of the bargain and that created express warranties pursuant to Conn. Gen. Stat. § 42a-2-313(a).

45.     Specifically, ABW represented that the Vehicle was safe for operation on the Connecticut Department of Motor Vehicles Form K-208 and that the "frame/chassis" passed inspection and was safe.

46.     ABW's representations that the Vehicle was safe were part of the basis of the bargain and had Plaintiffs known otherwise, they would not have purchased the Vehicle.

47.     The Vehicle was not safe and the "frame/chassis" should not have passed inspection.

48.     ABW's  breach of express warranties were tortious in nature, in bad faith, were wanton and malicious, outrageous, and were undertaken with bad motive and with a reckless indifference to the Plaintiffs' interests and the injury that they sustained. As a result of the above-described actions, ABW is liable to Plaintiffs for their damages, including common law punitive damages.

49.     Specifically, the Vehicle was unsafe and posed a safety risk to Plaintiffs, their children and any other passengers in the Vehicle. And, the Vehicle's structural damage was noted at the auction at which ABW procured the Vehicle.

50.     Capital One is liable to Plaintiffs pursuant to Conn. Gen. Stat. § 52-572g and the terms of the Contract.

### D.  CONNECTICUT UNFAIR TRADE PRACTICES ACT

51.     ABW violated CUTPA in the following ways:

    a.    The violations of TILA as aforedescribed;

    b.    It sold the Vehicle to Plaintiffs in an unsafe condition despite being aware of that condition by way of the disclosure of structural damage at auction;

    c.    Its repeated conduct in selling of structurally damaged, unsafe vehicles to consumers, including Plaintiffs; and

    d.    It falsely represented to Plaintiffs on the Connecticut Department of Motor Vehicles form K-208 that the Vehicle was safe for operation and that the "frame/chassis" passed inspection.

52.     ABW's conduct, as aforedescribed, was deceptive and unfair and in violation of CUTPA, and it has caused Plaintiffs to suffer ascertainable losses and damages in that they were able to make a meaningful comparison of credit terms and they were sold an unsafe Vehicle.

53.     ABW is liable to the Plaintiffs for their actual damages plus punitive damages and a reasonable attorney's fee and costs.

54.     Capital One is liable to Plaintiffs as assignee of the Contract pursuant to Conn. Gen. Stat. § 52-572g and the terms of the Contract.

WHEREFORE, Plaintiffs claims actual damages, statutory damages of $2,000, punitive damage, an order stating that Plaintiffs validly revoked acceptance of the Vehicle, and attorney's fees and costs.

PLAINTIFFS, JIMMY STORY AND
ELIZABETH STORY,

By: _____

Daniel S. Blinn (ct02188)
dblinn@consumerlawgroup.com
Brendan L. Mahoney (ct29839)
bmahoney@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408
Fax (860) 571-7457